**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 24-31-DLB-EBA

BRADLEY JONES                                                                              PLAINTIFF

v.                      **MEMORANDUM ORDER ADOPTING
REPORT AND RECOMMENDATION**

**WELLPATH, LLC, et al.,**                                          **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the August 18, 2025 Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 54), wherein he recommends that the Court grant Defendants' pending Motions to Dismiss (Docs. # 32 and 34). Plaintiff Bradley Jones having filed Objections to the R&R (Doc. # 55), Defendants having filed a joint Response (Doc. # 56), the R&R is ripe for the Court's review. For the following reasons, Jones's objections are **overruled**, the R&R is **adopted**, and Jones's Amended Complaint (Doc. # 17) is **dismissed with prejudice**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 13, 2023, Bradley Jones suffered a stroke while incarcerated at Little Sandy Correctional Complex ("LSCC"). (Doc. # 17 at ¶ 27). Prior to his incarceration, Jones underwent cardiac surgery to receive a mechanical heart valve. (*Id.* at ¶ 28). This implant made him susceptible to blood clots. (*Id.* at ¶ 29). To combat the heightened risk of blood clotting, Jones required anticoagulation medication such as Warfarin as well as International Normalized Ratio ("INR") testing. (*Id.* at ¶ 30). However, Jones alleges that LSCC failed to provide this treatment and, as a result, he suffered a stroke. (*Id.* at ¶¶ 32-

1

33). Further, Jones contends that LSCC's failure to provide adequate post-stroke medical care exacerbated his injuries. (*Id.* at ¶¶ 34-37).

Jones filed the first Complaint in this action on March 13, 2024, naming Warden Shawn McKenzie and Wellpath, LLC ("Wellpath") as Defendants. (Doc. # 1). The next day, however, Jones filed an Emergency Motion for Identity Discovery (Doc. # 4), seeking to conduct limited discovery to determine the identities of the LSCC and Wellpath LLC employees responsible for his care. (*Id.* at ¶ 5). Because Jones filed his complaint nearly a year after his stroke, he argued that such emergency discovery was necessary due to the impending expiration of the statute of limitations. (*Id.* at ¶ 4). After ordering supplemental briefing, the Court granted Jones's Motion (Doc. # 14). Jones then filed an Amended Complaint on April 13, 2024, adding twenty individual Defendants (the "Individual Defendants") and bringing claims under federal and Kentucky law. (Doc. # 17 at ¶¶ 45-61).

Subsequent to Jones's filing of his Amended Complaint (*Id.*), Defendants filed various motions to dismiss. (Docs. # 22, 32, and 34). While these motions were pending, Wellpath filed a Suggestion of Bankruptcy on November 15, 2024. (Doc. # 37). Accordingly, the Court stayed this action pending the lifting of a stay issued by the Bankruptcy Court for the Southern District of Texas. (Doc. # 38). On May 29, 2025, Wellpath informed the Court that the Bankruptcy Court had confirmed its Chapter 11 Plan of Reorganization and, as a result, the claims in this matter against Wellpath were likely discharged. (Doc. # 47 at ¶ 3). Further, Wellpath maintained that, because of the bankruptcy proceedings, the claims against each individual defendant, with the exception of Warden Shawn McKenzie, appeared to be released. (*Id.*). The Individual Defendants

2

filed a Supplemental Motion to Dismiss to that effect (Doc. # 49), arguing that Jones's claims against them were discharged by the Bankruptcy Court. Wellpath moved for Judgment on the Pleadings, similarly arguing that Jones's claims against it had been discharged. (Doc. # 48). Before the Court ruled on any of the pending motions, the Parties stipulated to the dismissal of Wellpath as a Defendant. (Doc. # 53 at 1). Additionally, the Individual Defendants withdrew their Supplemental Motion to Dismiss (Doc. # 49) and requested the Court consider their two pending Motions to Dismiss (Docs. # 32 and 34).

Magistrate Judge Atkins issued the instant R&R on August 18, 2025, and Jones filed his Objections on September 2, 2025. (Doc. # 55). Defendants filed their Response to Jones's Objections on September 16, 2025 (Doc. # 56).

## II.    REPORT AND RECOMMENDATION

In his R&R, Judge Atkins observed that Jones's Amended Complaint (Doc. # 17) brings two claims against the Individual Defendants. (Doc. # 54 at 4). Count I alleges that the Individual Defendants violated Jones's Eighth Amendment rights through their deliberate indifference to Jones's medical needs. (Doc. # 17 at ¶¶ 45-51). In Count II, Jones asserts that the Individual Defendants negligently failed to provide him with necessary medical care and that this negligence caused his injuries. (*Id.* at ¶¶ 52-56).

First, Judge Atkins recommended that the Court dismiss Jones's deliberate indifference claim. (Doc. # 54 at 7). Judge Atkins observed that "[t]he Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." (*Id.* at 5 (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting

3

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976)))).  Further, prison officials violate these rights when their deliberate indifference is "'manifested by...prison guards in intentionally denying or delaying access to medical care....' for a serious medical need." *Blackmore*, 390 F.3d at 895 (quoting *Estelle*, 429 U.S. at 104).  Judge Atkins noted that such a claim consists of an objective and a subjective component.  (Doc. # 54 at 5).  Specifically, to succeed on his claim, Jones must show that he (1) "was incarcerated under conditions that presented a substantial risk of serious harm" and (2) "that the [prison] official was aware of facts that could lead to an inference that a risk of substantial harm exists and that the official drew such an inference."  (*Id.* at 6 (citing *Blackmore*, 390 F.3d at 895-96)).

Judge Atkins first acknowledged the Amended Complaint's allegation that the Individual Defendants failed to provide necessary medical care to Jones, resulting in his stroke.  (*Id.*).  However, Jones made these allegations "against the [Individual] Defendants as a group rather than as individuals."  (*Id.*).  Judge Atkins laid out the Sixth Circuit's rule that claims like Jones's "'cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violated the asserted right.'"  (*Id.* (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (citation omitted) (emphasis in original))).  Consequently, a plaintiff such as Jones "'must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.'"  (*Id.* (quoting *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted))).  Because Jones "failed to indicate what each individual Defendant has allegedly done or not done" to violate his Eight Amendment rights, Judge

4

Atkins deemed his allegations insufficient to state a viable claim. (*Id.* at 7). Likewise, Judge Atkins found that Jones's "allegations fail[ed] to establish that the Defendants possessed the requisite knowledge" to satisfy the subjective element of a deliberate indifference claim. (*Id.*).

Judge Atkins also recommended that the Court dismiss Jones's state-law negligence claim. (*Id.*). Judge Atkins reached this conclusion for the same reasons that prompted his recommendation that the Court dismiss Jones's deliberate indifference claim. (*Id.* at 8). Under Kentucky law, a claim for negligence requires a showing of "'(1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury.'" (*Id.* (quoting *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citations omitted))). Moreover, Judge Atkins reasoned, claims for negligence fail "when the Complaint fails to specify facts illustrating that the Defendants were involved in the Plaintiff's care or lack thereof." (*Id.* (citing *Ellis v. Clark*, No. 3:22-cv-314-CHB, 2023 WL 4240757, at *3 (W.D. Ky. June 28, 2023))). Because the Amended Complaint levied only general allegations against the Individual Defendants as a group, Judge Atkins determined that it failed to provide the requisite specificity and, as a result, must be dismissed. (*Id.*).

Having recommended that the Court dismiss both of Jones's claims against the Individual Defendants, Judge Atkins turned to Jones's request for leave to amend his Amended Complaint. (*Id.*). In the concluding paragraph of his Response to Defendants' Motion to Dismiss (Doc. # 33),[1] Jones requests that, should the Court grant Defendants'

---

[1] As Judge Atkins notes, although Defendants filed two separate motions to dismiss (Docs. # 32 and 34), these motions are virtually identical. (Doc. # 54 at 3 n. 1). Jones's Responses

5

Motion to Dismiss (Doc. # 3), "he be granted leave to amend his Complaint to include more specific allegations pursuant to Federal Rule of Civil Procedure 15(a)." (Doc. # 36 at 4). However, Judge Atkins observed that Jones "provided no caselaw to support this [requested] amendment nor has he described what specific allegations he would include with this amendment." (Doc. # 54 at 8). And the Sixth Circuit has previously explained that "'[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.'" *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). Additionally, Judge Atkins agreed with the Individual Defendants' argument that, should the Court grant Jones's request, the Individual Defendants would "face additional prejudice that affects their job opportunities and financial lives for the duration that a case remains pending against them, even if no judgment is ever entered against them." (Doc. # 35 at 6). With this prejudice in mind and considering the fact that Jones offered no support for his request, Judge Atkins recommended that the Court deny Jones's request for leave to amend. (Doc. # 54 at 8).

### III.   ANALYSIS

#### A.   Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any

---

(Docs. # 33 and 36) are identical as well. For this reason, Defendants filed a single Reply (Doc. # 35) to address Jones's Responses. Like Judge Atkins's R&R, for simplicity's sake the Court will cite to Doc. # 34 when referencing the arguments in Defendants' motions to dismiss and Doc. # 36 when referencing the arguments in Jones's Responses in Opposition.

motion." Under Federal Rule of Civil Procedure 72(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to adequately object to a magistrate judge's report and recommendation waives a party's right to appeal a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)); *see also Holl v. Potter,* No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

### B. Jones's Objections

In his Objections (Doc. # 55), Jones takes no issue with Judge Atkins's recommendation that the Court dismiss all claims pending against the Individual Defendants. Because Jones apparently concedes that Counts I and II of the Amended Complaint fail to state a claim against the Individual Defendants, the Court **adopts** the R&R's recommendation that Defendants' Motions to Dismiss (Docs. # 32 and 34) be granted with respect to the Individual Defendants.

Despite this concession, Jones objects that he should be given leave to amend his Amended Complaint. (Doc. # 55 at 4). He argues that such leave is appropriate because (1) he has a specific factual basis to proceed against five of the Individual Defendants (Lodena McMillian, Jessica Harper, Jennifer Mabry, Krystal Ross, and Mandy Webb (the "Proposed Defendants")), and (2) these Proposed Defendants will not be prejudiced by defending against Jones's claims.

#### *1. Jones Impermissibly Delayed Offering a Factual Basis to Justify Amendment*

While Federal Rule of Civil Procedure 15(a) provides that district courts should freely grant leave to amend where justice so requires, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion [for leave to amend] within the contemplation of Rule 15(a)." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010). "When seeking leave to amend, plaintiffs should instead file a proper motion to amend the complaint—separate from their response to the motion to dismiss—'accompanied [by] a memorandum identifying the proposed amendments' and a proposed amended complaint." *Lim v. Hightower*, No. 24-3960, 2025 WL 2965692, at

8

*14 (6th Cir. Oct. 21, 2025) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)); *see also Pike v. Hardin Cnty. Water Dist. No. 2*, No. 3:23-cv-42, 2024 WL 1199439, at *5 (W.D. Ky. Mar. 20, 2024) ("The Sixth Circuit 'disfavor[s]. . .a bare request to amend a complaint in lieu of a properly filed motion.'") (quoting *Youngblood v. Bd. of Comm'rs of Mahoning Cnty.*, 847 F. App'x 267, 271 (6th Cir. 2021)). Plaintiffs may not use the Court as a sounding board for the sufficiency of their claims, and they are "not entitled to an advisory opinion from the Court informing [them] of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *La. Sch. Emps.' Ret. Sys.*, 622 F.3d at 486.

Here, Jones included a one-sentence request for leave in the conclusion of his Response. (Doc. # 36 at 4). This request came unaccompanied by a proposed amended complaint, or a description of the amendments Jones would make. (*Id.*). Indeed, Jones only provided such information in his Objections (Doc. # 55) *after* Judge Atkins issued the R&R (Doc. # 54). Jones disputes Judge Atkins's characterization of his request for leave as "skeletal." (Doc. # 54 at 8). Judge Atkins noted that, although "[Jones] referenced the ability to provide more specific allegation[s], [he] did not explicitly do so with the Response." (Doc. # 55 at 7). Jones admits that he failed "to identify the 'more specific facts' to be included in the [Proposed] Amended Complaint" when he filed his Response (Doc. # 36). (*Id.*). Yet, he argues that it "is in the interest of justice that Defendant [sic] be given the opportunity to clarify his claims and proceed against the appropriate individuals." (*Id.*).

Courts in this Circuit have denied leave to amend under similar circumstances. *See Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017)

9

("This court has consistently affirmed a district court's denial of [a request for leave] where plaintiffs have barely attempted to follow the proper amendment procedures.") (collecting cases). Indeed, the Sixth Circuit has held that a plaintiff should not be permitted "to use the magistrate-referral process to test out his pleading and discover defects before seeking to amend them away in response to the magistrate's recommendation." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013); *see also Gentry v. Tennessee Bd. of Judicial Conduct*, No. 17-6171, 2018 WL 11339111, at *4 (6th Cir. Mar. 26, 2018). Granting leave to amend in circumstances such as these would "encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint." *Id.* at 458-59.

This is especially true in the present case. Jones did not submit a proposed amended complaint or a description of the amended facts alongside his Response (Doc. # 36), although he "referenced the ability to provide more specific allegation[s]." (Doc. # 55 at 5). However, as the Proposed Defendants point out, Jones does not suggest that he only became aware of the facts underlying his proposed amendment after the Individual Defendants filed their motions to dismiss or after Judge Atkins issued his R&R. (Doc. # 56 at 11).

Indeed, Jones's own briefing indicates that, although he was aware of the facts he now wishes to allege, he did not seek to amend his Amended Complaint while the Parties briefed the Individual Defendants' motions to dismiss. Jones did not even seek to provide additional facts *after* the Individual Defendants' motions to dismiss put him on notice of the insufficiency of his Amended Complaint. Instead, Jones waited to propose specific amendments until Judge Atkins issued an R&R describing the insufficiencies of the

10

Amended Complaint. Jones may not employ such a "wait-and-see" approach. *Glazer*, 704 F.3d at 459; *see also United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (noting that "a party must act with due diligence if it intends to take advantage of [Rule 15's] liberality") (citation omitted); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1488, p. 764 (3d ed. 2010) (observing that "a pleader who purposefully delays asserting the matter contained in the amendment has acted contrary to both the general spirit of the federal rules and the liberal amendment policy of Rule 15(a), which are designed to avoid the old 'sporting theory of justice' and to facilitate decisions on the merits").

Accordingly, Jones's objection that he "has a specific factual basis to proceed against Defendants McMillian, Harper, [] Mabry, Ross, and Webb" is unavailing. (Doc. # 55 at 5). He was aware of this factual basis—at the latest—when he filed his Response. (Doc. # 36). Yet he refrained from apprising Defendants or the Court of this information until after the R&R was issued. Such dilatory tactics violate the spirit of the pleading directives established by the Federal Rules, which exist, in part, "to keep litigants from sandbagging their opponents until they are on notice of what their allegations lack." *United States ex re. Angelo v. Allstate Ins. Co.*, 106 F.4th 4441, 454 (6th Cir. 2024). Under these circumstances, the interests of justice counsel against granting leave to amend. *See* Wright & Miller § 1488 ("By failing to introduce the matter contained in the proposed amendment at as early a stage in the litigation as possible, the pleader has demonstrated bad faith . . .").

### *2. The Proposed Defendants Would be Prejudiced by Defending Against Jones's Claims*

Rule 15(a)(2) directs courts to "freely give leave [to amend pleadings] when justice so requires." However, the Sixth Circuit has held that denial of a motion for leave "may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Jones argues that the five Proposed Defendants "will not be prejudiced by defending Plaintiff's meritorious claim." (Doc. # 55 at 7). He asserts, "the mere fact that [the Proposed Defendants] will be required to defend the claims against them does not constitute prejudice." (*Id.*). Further, Jones contends, the litigation's impact on these Defendants' professional lives, although unfortunate, "does not constitute prejudice for the purposes of determining whether a meritorious claim may proceed." (*Id.* at 8).

However, as the Proposed Defendants note in their Response to Jones's Objection (Doc. # 56), the undue prejudice in this case stems from Jones's unexplained delay in proffering specific factual amendments in combination with the associated prejudice of continued litigation. *See Glazer,* 704 F.3d at 459 (finding that allowing amendment in similar circumstances "would encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint" and that such delay "unduly prejudiced [the Defendant]"); *see also Maxwell v. Correctional Medical Serv's, Inc.*, 538 F. App'x 682, 693 (6th Cir. 2013) (affirming denial of a motion to amend where "Plaintiff waited to attempt to remedy [the legal deficiencies

12

in his Complaint] until after the Magistrate Judge recommended dismissal of all remaining claims" and finding that allowing amendment under such circumstances "would prejudice Defendants").

The Individual Defendants' motions to dismiss put Jones on notice about the deficiencies in his pleadings in August of 2024. Nevertheless, Jones did not offer proposed amendments until he filed Objections to the R&R on September 2, 2025. (Doc. # 55). Jones does not claim that he only recently became aware of the facts he now proposes to add. On the contrary, Jones's Response indicates that he could have included "more specific allegations" as far back as September 24, 2024. (Doc. # 36 at 4). His failure to do so unnecessarily delayed the case and allowing him leave to amend at this stage would unduly prejudice the Proposed Defendants. *See Deutsche Bank Nat. Trust Co. v. Quarles*, No. 11-cv-15498, 2013 WL 1213058, at *4 (E.D. Mich. Mar. 25, 2013) (denying counter-plaintiffs' motion for leave to amend where they "were on notice of [errors in their pleadings] seven months before they filed the motion to amend and they offer[ed] no legitimate reason for the delay").

IV.     CONCLUSION

Jones's Objections (Doc. # 55) do not provide an adequate basis for rejecting the R&R. Additionally, the Court has reviewed the entirety of Judge Atkins's R&R and finds the analysis and conclusions contained therein sound in all respects, including Judge Atkins's conclusion that Jones's request for leave (Doc. # 36 at 4) to amend his Amended Complaint should be denied. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Plaintiff's Objections to the R&R (Doc. # 55) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 54) is hereby **ADOPTED** as the **Opinion** of this Court;

(3) Defendants' pending Motions to Dismiss (Docs. # 32 and 34) are **GRANTED**, and all claims in this case against Defendants Judy Barker, Heather Eagle, Christina Garcia, Jennifer Gilliam, Kimberly Hatfield, Jennifer King Mabry, Edna Lewis, Joshua Lindell, Mary Litton, Deanna Mabry, Jessica McDavid, Loriena McMillin, Stacy Napier, Joseph Pierce, Krystal Ross, Leland Sexton, Alicia Staniford, Sarah Stephens, Jessica Harper, and Mandy Webb are **DISMISSED WITH PREJUDICE**;

(4) Defendants' other pending dispositive motions (Docs. # 8; 10; 22; 48; 49) are **DENIED AS MOOT**;

(5) That, based on the Parties' Agreed Stipulation and Order (Doc. # 53), Defendant Wellpath, LLC is discharged and **DISMISSED** as a Defendant; and

(6) That this action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 14th day of November, 2025.



Signed By:
David L. Bunning
Chief United States District Judge